## GATES v. McLEAN.*

### No. 9926; February 19, 1886.

9 Pac. 938.

Ejectment—Sufficiency of Complaint.—Where a complaint in an action of ejectment brought by a vendor against a vendee avers ownership of the property in the plaintiff, the making of a contract for the sale thereof to defendant, the payment of a part of the contract price by defendant, his entry into possession, the tender of a deed, demand and refusal of payment, notice of rescission of contract by plaintiff, tender to the defendant of the money paid, with interest, and demand of possession, which was refused, it is sufficient.

Vendor's Remedy When Vendee Refuses to Perform.—Where a vendor of real estate has kept all his covenants in a contract of sale, and the vendee refuses to perform his part, the vendor may rescind the contract or sue for specific performance.

Judgment of Nonsuit—Admission as Evidence.—A judgment of nonsuit is not final, and determines nothing, and the admission of such a judgment as evidence to establish title to land is error.

APPEAL from Superior Court, County of Stanislaus.

William L. Dudley, William O. Minor, L. J. Maddux and Wright & Hazen for appellant; W. E. Turner for respondent.

SEARLS, C.—This is an action of ejectment to recover certain lots of land in the town of Modesto. Plaintiff had

---

*For subsequent opinion in bank, see Gates v. McLean, 70 Cal. 46, 11 Pac. 489.

judgment, from which, and from an order denying a new trial, defendant appeals. The demurrer to the complaint was properly overruled. The pleading demurred to avers ownership of the property in plaintiff, the making of a contract for the sale thereof to defendant, payment of three hundred dollars on account of the purchase price by defendant, his entry into possession, tender of a deed, demand of payment, and refusal to pay, rescission of the contract by plaintiff, notice thereof and tender to defendant of the money paid, with interest, and demand of possession, which was refused. If the allegations of the complaint are true, plaintiff on his part had kept and performed all the covenants of the agreement to sell, by him to be kept and performed, and defendant had refused to pay the balance of the purchase price. This would entitle plaintiff to a specific performance of the contract, or to a rescission of the agreement and recovery in ejectment.

On the fifteenth day of August, 1881, plaintiff executed and delivered to defendant an agreement in the following language:

"AN AGREEMENT BETWEEN SAMUEL GATES AND SAMUEL M. MCLEAN.

"The said Gates sells and binds himself to give a good and sufficient deed and possession to Samuel M. McLean of the five lots known as the Walden property, on which is the Walden house and the Barney Garner house, being on the corner of Jay and Eleventh streets, opposite J. D. Spencer's, for the sum of two thousand eight hundred dollars, so to be paid as follows: Two hundred dollars cash in hand, one thousand two hundred dollars in thirty days, and the remainder, one thousand four hundred dollars, in sixty days, and interest on the two thousand six hundred dollars as soon as McLean is placed in possession of the property.

"Fifteenth of August, 1881.

"It is agreed and understood that if Samuel Gates cannot give a deed to the above property, on account of any legal inability, there shall be no damages charged or received.

[Signed]   "S. GATES."

On or about October 8, 1881, McLean paid Gates three hundred dollars on account of the purchase price of the lots, and received the following receipt:

"Received of S. M. McLean the sum of three hundred dollars, part payment of the purchase price of lots Nos. twelve, (12,) thirteen, (13,) fourteen, (14,) fifteen, (15,) and sixteen, (16,) in block No. sixty-eight, (68,) in the town of Modesto, county of Stanislaus; and I hereby agree to make, execute, and deliver to the said McLean a good and sufficient title to the above lots, free from all incumbrances, save and except the present tax liens, upon payment to me of the further sum of two thousand five hundred dollars, with one per cent. per month interest from date until paid.

"SAMUEL GATES.

"Dated Modesto, October 8, 1881."

Thereupon McLean entered into, and ever since has retained, possession of the demanded premises.

At the time the contract of sale was entered into it was well understood that one Brusie claimed title to the premises adverse to plaintiff, under and by virtue of a sheriff's deed executed pursuant to a sale under execution issued upon a judgment rendered in a justice's court against one Minor Walden, the grantor of plaintiff. Brusie subsequently instituted an action against the tenants of McLean to recover possession of the property, in which action plaintiff Gates intervened, and, upon a trial, Brusie suffered judgment of nonsuit. Plaintiff, as appears from the evidence, tendered a deed of the premises and demanded payment of the purchase money; which being refused for alleged defect in plaintiff's title, he thereupon gave notice of a rescission of the contract of sale, offered to repay the three hundred dollars received on account of the purchase, with interest, and demanded possession, which being refused, this action was instituted.

The question which at the trial dominated all others was as to the validity of the title which plaintiff offered to convey. The contention of defendant was that there was an outstanding title in Brusie, which under the contract plaintiff was bound to extinguish or secure before he could convey in accordance with his contract. For the purpose of proving the invalidity of the Brusie title, plaintiff was permitted, under objection, to introduce the judgment-roll in Brusie

against the tenants of defendant, hereinbefore mentioned, in which a nonsuit was entered, and this action of the court is assigned as error. A judgment of nonsuit determines nothing, except the right of plaintiff to proceed in the present action. It has been said a nonsuit "is but like the blowing out of a candle, which a man at his own pleasure may light again." Under no circumstances will such a judgment be deemed final, whether entered before or at the trial: Freeman on Judgments, sec. 261; Clapp v. Thomas, 5 Allen (Mass.), 158. It follows that the admission of the judgment-roll was error.

Appellant suffered no injury from the admission of the deeds from the Central Pacific Railroad Company to the Contract & Finance Company, and from the latter to Minor Walden. The title to the lots in question is averred by the answer to have been in Walden, hence it was unnecessary to introduce the conveyances, but doing so could not harm defendant.

For the error indicated we are of opinion the judgment and order should be reversed and a new trial granted.

Foote, C., and Belcher, C. C., concurred.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded for a new trial.